**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-10557
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SANDRA K HOWELL

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:07-CR-42-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Sandra K. Howell appeals her convictions for conspiracy to defraud the United States, making false claims, mail fraud, wire fraud, and theft of Government property. She argues that the evidence was insufficient to support her convictions. Because Howell preserved the issue for appeal by moving for a judgment of acquittal at the close of the Government's case and at the close of all of the evidence, we review the issue de novo. *See United States v. Floyd*, 343 F.3d 363, 370 (5th Cir. 2003). We will affirm the district court if a reasonable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trier of fact could conclude that the "'elements of the offense were established beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict.'" *Id.* (citation omitted).

A reasonable trier of fact could conclude that the evidence established beyond a reasonable doubt that Howell conspired to defraud the United States by making false claims for emergency and disaster relief following Hurricanes Katrina and Rita. To convict Howell of conspiracy, the government had to show "(1) an agreement between two or more persons to pursue an unlawful objective; (2) the defendant's knowledge of the unlawful objective and voluntary agreement to join the conspiracy; and (3) an overt act by one or more of the members of the conspiracy in furtherance of the objective of the conspiracy." *United States v. Williams*, 507 F.3d 905, 910 n.4 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2074 (2008) (internal quotation marks and citation omitted). The evidence established that there was an agreement between Howell and Charles Chaisson to defraud the United States by filing false applications for relief after Hurricanes Katrina and Rita. Howell facilitated the fraudulent applications of Charles and Gregory Chaisson for disaster aid. She also assisted Gregory Chaisson in applying for assistance at Concho Valley Workforce Solutions (Concho Valley), despite the fact that at the time Hurricane Rita made landfall, Gregory Chaisson was actually in jail. Charles and Howell later lived together and shared expenses at Howell's sister's apartment and in another apartment in San Angelo that was paid for with disaster relief obtained by Howell from FEMA and Concho Valley. As a result of Gregory Chaisson's FEMA application, a check was issued to him which came to be in Howell's possession. When Charles refused to cash a check in Gregory's name, Howell forced him to leave the house they were sharing in San Angelo. Based on this evidence, a reasonable trier of fact could have found that the evidence established beyond a reasonable doubt that there was an agreement between Howell and Charles

2

Chaisson to submit false FEMA applications to defraud the United States. *See Floyd*, 343 F.3d at 370.

A reasonable trier of fact could conclude that the evidence established beyond a reasonable doubt that Howell made false claims in her FEMA application after Hurricane Rita and that she knew the claims were false. To establish that Howell made a false claims, the Government had to prove (1) Howell made a false claim against the federal government; (2) the claim was made to an agency of the federal government; and (3) Howell knew the claim was false or fraudulent. *See United States v. Okoronkwo*, 46 F.3d 426, 430 (5th Cir. 1995). Although Howell testified that she rented a room at 400 Lee Street for two nights, September 20 and 21, 2005, the jury apparently determined that her testimony was not credible. The record indicates that Howell made several other false statements, including her statement that she lived in New Orleans and lost personal property at the time of Hurricane Katrina in one FEMA application and her statement that Charles and Gregory Chaisson also lived at 400 Lee Street in her FEMA application filed after Hurricane Rita. Howell was not only charged with making false claims but also with aiding and abetting false claims made by Charles and Gregory Chaisson. A review of the above evidence indicates that a reasonable trier of fact could have found that the evidence established beyond a reasonable doubt that Howell made false claims in her FEMA applications and that she aided and abetted Charles and Gregory Chaisson in making false claims in their FEMA applications. *See Floyd*, 343 F.3d at 370.

A reasonable trier of fact could have found that the evidence established that Howell committed mail fraud and wire fraud. To prove mail fraud, the Government must prove beyond a reasonable doubt '(1) a scheme to defraud (2) which involves a use of the mails (3) for the purpose of executing the scheme." *United States v. Ingles*, 445 F.3d 830, 835 (5th Cir. 2006) (internal quotation marks and citations omitted). To prove wire fraud, the Government must show

3

(1) the formation of a scheme or artifice to defraud, and (2) use of the wires in furtherance of the scheme. *United States v. Brown*, 459 F.3d 509, 518-19 (5th Cir. 2006). Mail and wire fraud requires "specific intent to defraud, i.e., a conscious knowing intent to defraud." *Id.* at 519 (wire fraud) (internal quotation marks and citation omitted); *United States v. Garza*, 429 F.3d 165, 168-69 & n.1 (5th Cir. 2005) (mail fraud). Howell made false statements that she lived on Duplessis Street in New Orleans in her FEMA application for disaster review due to Hurricane Katrina. As a result of her application, FEMA sent checks to Howell's landlord through the United States mail and FEMA made an electronic transfer of funds of $2000 to Howell's bank account. She also made false statements in interstate telephone calls and online in connection with her FEMA applications. Although Howell did send a letter to FEMA dated February 6, 2006, in which she attempted to withdraw her Hurricane Katrina FEMA application, she also falsely stated in the letter that she lived in New Orleans at the time of Hurricane Katrina but could not prove it. Howell's letter indicates that she was attempting to conceal her fraud on the United States. A reasonable trier of fact could have found beyond a reasonable doubt that Howell had a "conscious knowing intent to defraud" when she made the false statements which involved the use of interstate and online communications, the electronic transfer of funds, and the use of the United States mail. *See Brown*, 459 F.3d at 519; *Garza*, 429 F.3d at 168-69 & n.1.

A reasonable trier of fact could have found beyond a reasonable doubt that the evidence established that Howell committed the offense of theft of government property. To convict Howell of theft of government property, the Government proof was required to prove that "the property belonged to the government and had a value in excess of $1000, that the defendant stole or converted the property for [her] own use or for the use of another, and that [she] did so knowing the property was not [hers] and with the intent to deprive the owner of the use or benefit of the property." *United States v. Dien Duc Huynh*,

246 F.3d 734, 745 (5th Cir. 2001).   Contrary to Howell's argument, the Government was not required to prove that she acted in concert with others to show that she committed this offense.  *See id.*  The evidence established that Howell applied for emergency assistance and disaster relief at Concho Valley and falsely certified in writing that she was a Hurricane Katrina evacuee. Specifically, Howell stated that she evacuated from New Orleans to Lafayette due to Hurricane Katrina, and then she evacuated from Lafayette to San Angelo. She also visited Concho Valley with Gregory Chaisson who applied for relief based on a false claim that he was a hurricane evacuee.  Howell received a total of $4,178.59 from Concho Valley based on her false statement that she was a Hurricane Katrina evacuee.  A review of the record indicates that the evidence was sufficient to support Howell's conviction for theft of government funds.  *See Floyd*, 343 F.3d at 370.

AFFIRMED.